# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

WENDY WILLIAMS,                          :

    Plaintiff,                       :

vs.                                      :    CIVIL ACTION 09-00215-KD-B

MOBILE POLICE DEPARTMENT,                :

    Defendant.                       :


## REPORT AND RECOMMENDATION

Plaintiff Wendy Williams, who is proceeding pro se and in forma pauperis, filed the instant § 1983 action while incarcerated at Mobile County Metro jail.[1] (Docs. 1, 21). Plaintiff's action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that , prior to service of process, this action be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

**I.  Amended Complaint.**  (Doc. 21).

Plaintiff was previously directed to file an amended complaint on this Court's form for actions alleging violations of 42 U.S.C. § 1983. (Docs. 19, 20).  Plaintiff was advised that her amended complaint would supersede her previously-filed Complaints. (Doc.

---

[1] Subsequent to filing this action, Plaintiff provided "free world" addresses. (Docs. 11, 17).

19). In response to the Court's Orders, Plaintiff filed the instant Amended Complaint. (Doc. 21). In the Amended Complaint, Plaintiff names the Mobile Police Department as the sole Defendant. (Doc. 21). Plaintiff's allegations against the Mobile Police Department are vague, conclusory, and varied. Plaintiff complains of an illegal search and seizure, "health issues," being "cheated on," being "lied to and lied on," (Doc. 21 at 4), losing income, being beaten, suffering a miscarriage, "deformation [sic] of character," property being stolen, and being falsely imprisoned. (Id. at 8). Plaintiff seeks $2 million in damages (id.) and an apology. (Id. at 7).

**II. Analysis.**

**A. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Amended Complaint (Doc. 21) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327,

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible. Id.

The Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, a plaintiff's pro se status does not excuse compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure); Local Rule 83.9(b) ("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court[.]"). Nor is this

3

Court allowed to serve as de facto counsel for a pro se litigant or to rewrite otherwise deficient pleadings in order to sustain an action. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

**B. Discussion.**

In order to state a viable § 1983 claim, the defendant being sued must be an entity that is subject to being sued. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ." Fed.R.Civ.P. 17(b); see Dean, 951 F.2d at 1214. "Sheriff's departments and police departments are not usually considered legal entities subject to suit." Id. (dismissing an Alabama's sheriff's department). A city's police department in Alabama is not a suable entity or a proper party under state law or for § 1983 purposes. Hawkins v. City of Greenville, 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); accord Robinson v. Hogansville Police Dep't, 159 Fed.Appx. 137, at **1 (11th Cir. Dec. 15, 2005) (affirming the dismissal of the complaint against a Georgia city police department and the granting of a motion to set aside the default) (unpublished);[3] Mann v. Hillsborough County Sheriff's Office, 946 F. Supp. 962, 970-71

---

[3]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

(M.D. Fla. 1996) ("[T]he city police department is not a legal entity and has no legal existence separate and part from the city"; [it] "is the vehicle through which the city fulfills its policing functions."); Eddy v. Miami, 715 F. Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit."); Reese v. Chicago Police Dep't, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (finding a police department does not have a legal existence separate from the city and, therefore, is not a suable entity).  Inasmuch as the Mobile Police Department is not a suable entity under Alabama law, the claims against Defendant Mobile Police Department are frivolous.  As an aside, the Court observes that Plaintiff's descriptive allegations lack specific facts reflecting a claim that is plausible on its face.  Accordingly, the Court concludes that dismissal of this action as frivolous is warranted.

**III. Conclusion.**

Based upon the foregoing reasons, it is recommended, prior to service of process, that this action be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **20th** day of **May, 2010.**

                    /s/SONJA F. BIVINS
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS**
**AND RESPONSIBILITIES FOLLOWING RECOMMENDATION**
**AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. ***Objection***.  Any party who objects to this recommendation, or
anything in it, must, within fourteen days of the date of service
of this document, file specific written objections with the Clerk
of this Court.  Failure to do so will bar a *de novo* determination
by the district judge of anything in the recommendation and will
bar an attack, on appeal, of the factual findings of the
Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*,
855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677
F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for
challenging the findings and recommendations of the Magistrate
Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997),
which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days[4] after being served with
> a copy of the recommendation, unless a different time
> is established by order.  The statement of objection
> shall specify those portions of the recommendation to
> which objection is made and the basis for the
> objection.  The objecting party shall submit to the
> district judge, at the time of filing the objection, a
> brief setting forth the party's arguments that the
> magistrate judge's recommendation should be reviewed *de
> novo* and a different disposition made.  It is
> insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.  Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

---

[4]The Court's Local rules are being amended to reflect the new
computations of time as set out in the amendments to the Federal
Rules of Practice and Procedure, effective December 1, 2009.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.